IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SENO CARTER                                                                                    PLAINTIFF
REG. #17198-045

V.                                      NO: 4:10CV01533 JMM/HDY

HARLEY LAPPIN *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the

        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

### **DISPOSITION**

    Plaintiff, currently incarcerated at the Pollock Medium Federal Correctional Institution in Pollock, Louisiana, filed a *pro se* complaint (docket entry #1) on September 30, 2010.[1] On March 18, 2011, Defendant USA filed a motion to dismiss, along with a brief in support (docket entries #20& #21), as did Defendant Harley Lappin (docket entries #22 & #23). Plaintiff filed a response, brief in support, and affidavit, on April 4, 2011 (docket entries #25-#27).

    Defendant USA contends that Plaintiff's claims against it should be dismissed due to his failure to state a cause of action against it. Defendant Lappin contends that Plaintiff's claims against him should be dismissed for failure to state a cause of action against him, and also for lack of personal jurisdiction.

---

[1] Plaintiff referenced *Carter v. Ringwood*, ED/AR No. 2:09CV65, which concerned the Federal Tort Claims Act, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, in a response, Plaintiff clarified that he is bringing this suit pursuant to *Bivens* (docket entry #26).

## I. Standard of review

Both Defendants contend that Plaintiff has failed to state a claim for relief against them. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.[2] However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, in 2008, prison officials at the Federal Correctional Institution in Forrest City served a food product containing pork to the inmate population without properly identifying it as containing pork. Plaintiff's religious beliefs require that he refrain from

---

[2]Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).

eating pork, but he consumed a sausage containing pork without knowing the contents. Plaintiff contends that the lack of notification violated his constitutional right to the free exercise of his religion.

Defendant USA

In his response to the USA's motion, Plaintiff has clarified that he is bringing this action pursuant to *Bivens* (docket entry #26). The USA contends it is not a proper *Bivens* Defendant. "A Bivens action...is only available against federal officers, not government entities." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997). Because Plaintiff may not proceed against the USA in a *Bivens* action, the USA's motion to dismiss should be granted. *See also Schutterle v. U.S.*, 74 F.3d 846, 848 (8th Cir. 1996)(United States and U.S.D.A. are not proper *Bivens* defendants because of sovereign immunity).[3]

Defendant Lappin

Defendant Lappin asserts that the Court has no personal jurisdiction over him, and that Plaintiff has failed to state a cause of action against him, because he is not mentioned in the body of the complaint.

It is clear from Plaintiff's response (docket entry #25) that he named Lappin only because of his supervisory position, and not because of any action or omission attributable to Lappin. However, *respondent superior* is not a basis for liability. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(prison officials and supervisors may incur liability only for their personal

---

[3] If Plaintiff were pursing a tort claim, dismissal would also be required due to his failure to bring a suit within six months after the agency's denial. *See* 28 U.S.C. § 2401(b), docket entry #1-4, pages #11 & #12) (tort claim denial letter dated May 27, 2009).

involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices). There is no allegation of Lappin's personal involvement in, or corrective inaction which amounts to deliberate indifference or tacit authorization of, unconstitutional practices. Accordingly, Plaintiff's claims against Lappin should be dismissed as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  The motions to dismiss filed by Defendants USA and Harley Lappin (docket entries #20 & #22) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  1  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE